**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TACTICAL RIFLES, INC.,**

      **Plaintiff,**

**v.**                                            **Case No:  6:14-cv-202-Orl-36GJK**

**MARC SOULIE, FRANK GALLI and**
**SNIPERS HIDE, LLC.,**

      **Defendants.**

_____

**ORDER**

This matter comes before the Court *sua sponte*. On February 6, 2014, Plaintiff Tactical Rifles, Inc. ("Plaintiff") filed a Complaint alleging libel and tortious interference against Defendants Marc Soulie, Frank Galli, and Snipers Hide, LLC. ("Snipers Hide"), requesting a permanent injunction against them. *See* Doc. 1. Plaintiff states that jurisdiction in this action is based on diversity pursuant to 28 U.S.C. § 1332(a), and that the amount in controversy exceeds $75,000. Doc. 1 ¶ 5.

Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).  For purposes of diversity jurisdiction, a limited liability company "is a citizen of each state in which any of its members, limited or general, are citizens."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)).  Failure to properly allege the citizenship of a limited liability company by listing the citizenship of all its members may result in a dismissal for lack of diversity.  *Id.* at 1022.

In this case, the Complaint alleges that Snipers Hide is "a Colorado corporation, with its principal place of business located at 3205 Fenton Street, Wheat Ridge, Colorado 80212."  Doc. 1 ¶ 4.  However, the "LLC" in the entity's name indicates that Snipers Hide is actually a limited liability company, and a search of the Colorado Secretary of State's website confirms this to be the case.[1]  Despite Snipers Hide's status as a limited liability company, the Complaint does not indicate the states of citizenship for each general and limited member of Snipers Hide, or whether those members, in turn, have members of their own (and their corresponding citizenship).  Based on this lack of information, it is unclear whether there is complete diversity in this case.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff is directed to **SHOW CAUSE** as to why its Complaint should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order.  Failure

---

[1] *See* http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&fileId=20051264841&masterFileId=20051264841&srchTyp=ENTITY&entityId2=200512 64841&nameTyp=ENT.

to respond within the time provided will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

3